No. 240

GAFNEY v. WAGNER et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5983. Decided Dec. 7, 1925

297. CONTRACTS—1. No action will lie upon a contract cancelled by mutual agreement because of illness of a party concerned, where it is provided that the contract may be cancelled without damages for such cancellation.

2. Where there is an express contract between the parties, none will be implied.

SULLIVAN, J.

On Jan. 10, 1922, Thomas Gafney entered into an agreement with Chas. Wagner and Dennis McSweeney whereby the said Gafney was to control the singing engagements of John McCormack in Cleveland for the season of 1922.

The contract between the parties contained a clause to the effect that there shall be no claim for damages by either party to the agreement if it was impossible to perform due to sickness, accident or other legitimate or unavoidable cause. The following clause appeared further in the contract. "If either party cancels or fails to carry out this contract, said party cancelling or failing, agrees to reimburse the other party for actual expenses incurred, unless another date is mutually arranged and agreed upon."

A final date of November 19, 1922 was agreed upon for a concert, but on November 14, Gafney was informed by Wagner that McCormack would be unable to fulfil said engagement owing to illness.

Thereafter the contract for the season was cancelled by mutual agreement. Under the above clause in the contract Gafney was paid $986.90 for expenses incurred.

The following year John McCormack gave a concert in Cleveland, whereupon Gafney brought suit on his contract against Wagner, McSweeney, & John McCormack & Co. The Common Pleas Court directed a verdict in favor of all defendants, whereupon Gafney prosecuted error to this court. The Court of Appeals held:

1. Under the terms of the contract between Gafney and the defendants Wagner and McSweeney, no action for damages is maintainable inasmuch as said contract was cancelled by mutual agreement of the parties because of the illness of Mr. McCormack.

2. The only reimbursement to which Gafney was entitled under said contract was for expenses incurred, and that had been paid.

3. John McCormack and John McCormack and Co. were not parties to said contract and could not be held under same.

4. The concert of 1923 cannot be impliedly included in the contract of Jan. 10, 1922, for when there is an express contract between the parties, none can be implied.

Judgment of the Common Pleas affirmed.

Attorneys—Wm. J. Corrigan for Gafney; West, Lamb & Westenhaver for Wagner et; all of Cleveland.